## PONDER v. THE VIRGINIAN, Inc.

Circuit Court, Dade County, Civil Appeal.

April 21, 1953.

Milton Kelner, Miami Beach, for appellant.

G. A. O'Brien and Lawrence G. Lally, both of Miami, for the employer and insurance carrier, appellees.

Rodney Durrance, Tallahassee, for the Commission.

STANLEY MILLEDGE, Circuit Judge.

This is an appeal from an order affirming a deputy commissioner's order denying the employee's claim on the ground that she had not been injured in an accident arising out of and in the course of her employment.

The employer did not controvert the claim for compensation until the day of the hearing before the deputy commissioner. According to the claimant the employer's manager had known of the alleged injury since its occurrence (and this was not contradicted). A formal written claim and notice was given by claimant to the carrier nearly three months before the hearing.

During the course of the hearing before the deputy, the carrier controverted the claim on the ground that the injury did not arise out of and in the course of the claimant's employment. Taken in connection with the carrier's evidence, this was a denial that the claimant fell on the stairs as she alleged.

It was obviously of great importance to the claimant whether the claim was controverted within 21 days of knowledge of the injury as required by section 440.20. The claimant said that the employer's temporary manager saw the fall and that several other employees also observed it. The claimant did not have these persons present as witnesses and had no reason to think that she needed corroboration of her story when her claim was not controverted. The result shows how important the point is since the deputy must have concluded that the claimant's story was untrue. I find no evidence sufficient for this purpose, but I do not wish to retry this case on the facts, despite the flimsy character of the opposition evidence.

I do hold that the claimant was deprived of a fair hearing by the failure to comply with section 440.20, and that since this was in-

duced by the carrier it should pay the reasonable counsel fees of claimant's attorney to this point, and that this payment should be made now rather than await the outcome of a new hearing before the deputy. I find that such a reasonable counsel fee is $750.

The order of the full commission is reversed and the proceedings remanded to the deputy commissioner so that a new hearing may be held, and the carrier is required to pay immediately to Milton Kelner, attorney for claimant, the sum of $750 as counsel fees.